David A. Bahr (D.D.C Bar No. OR0001)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

*Plaintiff's Attorney*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LANCE ANNICELLI,** 20279 Hogue Place NE, Poulsbo, WA 98370-6417<br><br>Plaintiff,<br><br>*vs.*<br><br>**UNITED STATES DEPARTMENT OF DEFENSE,** 1600 Defense Pentagon Washington, DC 20301-1600<br><br>Defendant. | Case No. 16-547<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act<br>Administrative Procedure Act |

Plaintiff, Lance Annicelli, ("Plaintiff" or "Annicelli"), alleges as follows:

## INTRODUCTION

**1.** This action is premised upon, and consequent to, violations of both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et. seq*. It challenges the unlawful failure of the Defendant, the United States Department of Defense ("DoD"), to respond to Plaintiff's FOIA request within the time and in the manner required by FOIA. Although the DoD has disclosed certain documents responsive to Plaintiff's request, it is unnecessarily, unreasonably, and unlawfully withholding information responsive to Plaintiff's FOIA request that does not fall within the scope of FOIA's exemptions to mandatory disclosure.

COMPLAINT

1

**2.**     The purpose of the FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S.Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). The FOIA therefore requires federal agencies to disclose records to any person upon request unless the information falls within one of nine narrow disclosure exemptions listed in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b). Except in unusual circumstances, federal agencies generally must determine within twenty business days of receiving a FOIA request or appeal whether requested records are exempt from withholding and, if they are not, the agency must "promptly disclose" the records to the requester. 5 U.S.C. §§ 552(a)(6)(A)(i), (ii); *id.* at (a)(3)(A), (a)(6)(C)(i).

**3.**     On March 9, 2015, Plaintiff Annicelli submitted a FOIA request to the United States Air Force, a department of the DoD. Plaintiff sought information regarding a Commander Directed Investigation ("CDI") of him by the Air Force conducted in February and March of 2015 that resulted in his being relieved from a command position. Plaintiff seeks the information at issue in this case to publicly illuminate, and hopefully curb, the abuse of disciplinary processes by the Air Force. Plaintiff is advocating for a transparent process that at a minimum adheres to published guidance so that subjects of future CDI's are assured of "prompt, fair and objective investigations" and so the public can be confident that Defendant's disciplinary processes adhere to the highest standards of integrity and fairness.

**4.**     The DoD violated FOIA's provisions in processing Plaintiff's information request. First, the Agency failed to release information that does not properly fall within the ambit of any of FOIA's disclosure exemptions. Second, DoD failed to issue a final determination on Plaintiff's FOIA request and appeal within the time required by the Act. Third, DoD has failed to provide Plaintiff with the date the Air Force received his information request and appeal nor provide estimated completion dates for them as required by FOIA.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**5.**     Defendant is unlawfully withholding public disclosure of information sought by Plaintiff, information to which he is entitled and for which no valid disclosure exemption applies. Defendant violated the statutory mandates and deadlines imposed by FOIA through its failure to provide final determinations resolving Plaintiff's FOIA request and appeal within the time and manner required by law. Additionally, Defendant has unlawfully withheld certain information responsive to Plaintiff's requests by applying FOIA's disclosure exemptions in an overly broad manner not supported by the Act's clear language. Accordingly, Plaintiff seeks declaratory relief establishing that Defendant has violated the FOIA and APA. Plaintiff also seeks injunctive relief directing Defendant to promptly provide Plaintiff with the requested material.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

**6.**     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under the FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

**7.**     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in the District of Columbia.

**8.**     Declaratory relief is appropriate under 28 U.S.C. § 2201.

**9.**     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

**10.**     Plaintiff, Lance Annicelli, is a recently forcibly retired Lieutenant Colonel (Lt Col) from the United States Air Force. He is a recognized expert in aerospace physiology and has garnered several awards for his leadership and expertise in aviation flight physiology throughout his more than 25 years of honorable military service.

**11.**     He is board certified in Aerospace Physiology, and a Fellow of the Royal Aeronautical Society, the Aerospace Human Factors Association, and the Aerospace Medical Association. He

COMPLAINT                                    3

has served as an active member, mentor, and leader in many professional organizations in support of excellence in his career field, including the Life Sciences and Biomedical Engineering Branch of the Aerospace Medical Association, the Aerospace Physiology Society, the Aerospace Medical Association's Associate Fellows Group, and the Society for Human Performance in Extreme Environments. He holds an advanced graduate degree in physiology and has completed all professional military education requirements to include senior developmental education via correspondence Air War College.

**12.**    Lt Col Annicelli is the recipient of numerous awards throughout his career to include nine annual awards for professional excellence, two awards for outstanding innovation and research, and the Air Force's Aerospace and Operational Physiology Program Director's Award as the Air Force's physiology career field's first serving Assistant Director of Operations. In the last few years, Lt Col Annicelli has been requested personally to serve as a human factors and aerospace physiology expert in resolving several highly visible aviation accident and mishap investigations in which he was recognized receiving three separate citations for outstanding contributions. In short, Lt Col Annicelli's operational and professional performance has been exemplary, and his military records are impeccable.

**13.**    Lt Col Annicelli is the requester of the records which the Defendant is now withholding. He has requested this information because the Air Force failed to follow its own directives and guidance on conducting a Commander-Directed Investigation ("CDI") which was instrumental in his removal from command and in causing irreparable harm to his career and reputation. Specifically, Lt Col Annicelli was subjected to a process that purported to be an investigation of fact, while, however, no facts were ever disclosed to him. The report generated makes the investigation appear to have been no more than a survey of witness opinions, full of innuendo and suppositions, witness opinions that were never publicly disclosed. Although Lt Col Annicelli attempted

to call attention to the bias and procedural irregularities that occurred during this investigation, his superiors dodged the question simply stating that the Air Force legal office ruled that the report to be legally sufficient. The same legal advisor that appears to have failed to provide critical, unbiased oversight of the investigating officer and the CDI process, and who made the determination that the investigation was legally sufficient, also worked on behalf of Lt Col Annicelli's superiors throughout the entire investigative process and in drafting their responses to his appeals for redress.

**14.**    Lt Col Annicelli would simply like the opportunity to finally be "presented with all the evidence against him" as is stated in the Secretary of the Air Force's Guide on Commander-Directed Investigations. Given that he was denied this opportunity during the Kafkaesque investigation, and since he was never himself neither interviewed nor contacted by the investigating officer directly, Lt Col Annicelli has never been made aware of any of the facts in his case. Moreover, serving the larger public interest, Lt Col Annicelli is advocating for a transparent process that at a minimum adheres to published guidance so that subjects of future CDI's are assured of "prompt, fair and objective investigations." His intent is to utilize the findings to reveal where the process might have gone wrong in his case, and in many others that he has since become aware of, in order to continue to advocate for reform.

**15.**    There exists substantial public interest in this information, and the Plaintiff intends to challenge the administrative and punitive actions of the Air Force through discovery of exculpatory information that was withheld under the guise of a preponderance of evidence. The content of the witness testimony is critical to the actions taken by the Air Force leadership yet details of any inculpatory evidence have been withheld. The records sought in this action are requested in support of these efforts.

**16.**    Defendant United States Department of Defense, is an agency of the executive branch of

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

the United States government, it is in possession and control of the records sought by Plaintiff,

and as such, it is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

**17.**    The FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a

federal agency that receives a FOIA request to determine whether the requested records are ex-

empt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the re-

quester within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the

requested records are exempt from public disclosure, the agency must also communicate to the

requester that they have a right to appeal that determination. *Id.* If the agency determines the re-

cords are not exempt from public disclosure, the agency is required to make the requested re-

cords "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

**18.**    Congress has set forth the circumstances in which federal agencies may obtain more time

to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circum-

stances the agency may toll the twenty business-day deadline for making that determination. 5

U.S.C. § 552(a)(6)(A)(ii) (providing for up to a ten-day tolling period to allow an agency to seek

information from a requester). Additionally, the agency may extend the twenty business-day

deadline for making that determination for an additional ten business days by providing a written

notice to the requester that sets forth the "unusual circumstances" that justify the deadline exten-

sion and the date on which the agency expects to make the determination. 5 U.S.C. § 552(a)(6)–

(B)(ii). The statute includes a specific definition of the term "unusual circumstances." 5 U.S.C. §

552(a)(6)(B)(iii). And when the agency notifies a requester of unusual circumstances and the

need for additional time, the agency's written notification "shall provide the person an opportu-

nity to limit the scope of the request so that it may be processed within that time limit or an op-

portunity to arrange with the agency an alternative time frame for processing the request or a

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, an agency asserting that unusual cir-

cumstances prevent its compliance with FOIA's deadlines "shall make available its FOIA Public

Liaison, who shall assist in the resolution of any disputes between the requester and the agency."

*Id*.

**19.**    Unless an agency subject to the FOIA establishes a different timeline for disclosing re-

sponsive records by providing sufficient written notice of unusual circumstances, the FOIA's

mandate to make public records "promptly available" to a requester requires federal agencies to

provide responsive records to a requester within or shortly after the twenty-day timeframe set

forth in 5 U.S.C. § 552(a)(6)(A)(i).

**20.**    A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency re-

cords and to order the production of any agency records improperly withheld from the complain-

ant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist

and that the agency is exercising due diligence in responding to the request, the court may retain

jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C.

§ 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that

results from a predictable agency workload of FOIA requests, unless the agency demonstrates

reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

**21.**    Agency action under the FOIA is also subject to judicial review under the APA. *Oregon*

*Natural Desert Ass'n.. v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D.Or. 2006) (finding that

violation of the FOIA's decision deadline constitutes APA violation for an agency action that is

not in accordance with the law), *affirmed in part, reversed on other grounds*, *Oregon Natural*

*Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009). Under the judicial review provisions of the

APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably

delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be ar-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

bitrary, capricious, an abuse of discretion, not in accordance with law, or made without observa-

tion of required procedures. 5 U.S.C. § 706(2).

## STATEMENT OF OPERATIVE FACTS

**22.**   On March 9, 2015, Plaintiff submitted a FOIA request to the United States Air Force, a

department of the DoD. That request sought, in relevant part "records [regarding] a recently con-

cluded Commander Directed Investigation (CDI) on myself which was initiated on 12 February

2015 and was concluded on or about the 9th of March 2015. . . . I request any and all records re-

lated to this CDI to include final report and any allegations."

**23.**   By letter dated April 10, 2015, the Air Force issued a final decision on Plaintiff's FOIA

request. The agency decided to release certain responsive records but withheld witness state-

ments. Defendant's explanation for the withholding decision was presented as follows:

> Redacted portions to include all witness statements are exempt from disclosure
> under the Freedom of Information Act, Title 5, United States Code, Section
> 552(b)(6) and the Privacy Act, Title 5, United States Code, Section 552(a)(k)(2).
> Disclosure of individual names and witness statements would be a clearly unwar-
> ranted invasion of the privacy of the individuals involved in the investigation. The
> public interest in the disclosure of the names does not outweigh the privacy inter-
> est of the individuals involved.

**24.**   By letter dated April 14, 2015, Plaintiff timely appealed the agency's decision. The na-

ture and scope of the appeal was presented in relevant part as follows:

> 1. On 9 March 2015, I filed a Freedom of Information Act (FOIA) request for a
> copy of the 9th Medical Group Commander Directed Investigation (CDI), of
> which I was the named "subject." On 10 April 2015, I received a response from
> the HQ *ACC/ACP* (FOIA) office along with a heavily redacted copy of the CDI
> report. The information I received was not responsive to my request. Therefore, I
> am appealing this action to the Secretary of the Air Force.

> 2. Based off of unknown allegations made against me, I was removed from com-
> mand and informed that additional adverse actions are forthcoming. It is my un-
> derstanding that the allegations are contained within the CDI report. Unfortu-
> nately, every one of the 30+ statements gathered by the Investigating Officer was
> completely removed from the copy of the report that I received. Without knowing
> what statements are being made against me, as well as who is making them, I am
> unable to adequately respond to adverse actions that have already been taken

COMPLAINT                                              8

against me, as well as pending adverse actions that I know are being prepared.

3. I am specifically requesting an appeal to the Secretary of the Air Force for all copies of any witness statements and AF Form 1168 documents gathered by the Investigating Officer in the course of his investigation. I have noted several false and misleading statements within the body of the CDI which were referenced to witness tab testimonies. I am seeking this information for personal use and not for commercial use.

25.     By letter dated May 11, 2015, the Air Force acknowledged receipt of Plaintiff's appeal and assigned it a tracking number. However, that letter did not provide the specific date on which the appeal was received by Defendant.

26.     By letter dated September 21, 2015, the Air Force issued a decision on Plaintiff's FOIA appeal. Defendant partially granted the appeal in that it released to Plaintiff his personal witness statement record. However, the Air Force continued to withhold all other witness statement records, invoking FOIA's Exemption 6 and Exemption 7(C), both of which apply to information that is personally private, the release of which would not benefit the public interest.

27.     The FOIA requires an agency to issue a final determination resolving a FOIA request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

28.     Defendant failed to respond to the information request within 20 business days from receipt of Plaintiff's March 9, 2015 FOIA request as required by 5 U.S.C. § 552(a)(6)(A)(i).

29.     Defendant failed to provide a written notice to the Plaintiffs asserting that "unusual circumstances" prevented it from compliance with FOIA's decision deadline and providing the date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

30.     At the very latest, based on the March 9, 2015 date of Plaintiff's FOIA request, the deadline for issuing a final determination of Plaintiff's FOIA request elapsed on April 6, 2015.

31.     The FOIA requires an agency to issue a final determination resolving a FOIA appeal within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

COMPLAINT                                    9

**32.**     Defendant failed to make a final determination within 20 business days from receipt of Plaintiff's April 14, 2015, FOIA appeal as required by 5 U.S.C. § 552(a)(6)(A)(ii).

**33.**     Defendant failed to provide a written notice to the Plaintiffs asserting that "unusual circumstances" prevented it from compliance with FOIA's appeal decision deadline and providing the date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

**34.**     At the very latest, based on the April 14, 2015 date of Plaintiff's FOIA appeal, the deadline for issuing a final determination of Plaintiff's FOIA appeal was May 12, 2015.

**35.**     For any information request or appeal taking more than ten days to complete, the FOIA requires an agency to inform a requester of "(i) the date on which the agency originally received the request; and (ii) an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B).

**36.**     Defendant failed to provide Plaintiff with the dates of receipt of his FOIA request and FOIA appeal.

**37.**     Defendant failed to provide Plaintiff with the estimated dates of completion of his FOIA request and FOIA appeal.

**38.**     None of FOIA's nine exemptions to mandatory disclosure justify the Dodd's withholding of information that is responsive to Plaintiff's FOIA request.

**39.**     Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**40.**     Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

/ / /

/ / /

/ / /

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

**41.**    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**42.**    Plaintiff has a statutory right to the records he seeks, and there is no legal basis for Defendant DoD to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure. *See* 5 U.S.C. § 552(b)(l)-(9).

**43.**    Defendant DoD violated Plaintiff's rights in this regard by failing to comply with FOIA's decision deadlines and thus constructively withholding information responsive to Plaintiff's FOIA request and appeal.

**44.**    Based on the nature of Plaintiff's continuing efforts to disclose to the public the Air Force's abuse of disciplinary processes, he will likely continue to employ FOIA's provisions in information requests to Defendant DoD in the foreseeable future.

**45.**    Plaintiff's continuing efforts to disclose to the public the Air Force's abuse of disciplinary processes will be adversely affected if Defendant DoD is allowed to continue violating FOIA's disclosure provisions as it has in this case.

**46.**    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DoD will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**47.**    Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT II
## VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### UNLAWFUL APPLICATION OF DISCLOSURE EXEMPTIONS

**48.**    The allegations made in all preceding paragraphs are realleged and incorporated by refer-

COMPLAINT                                         11                          BAHR LAW OFFICES, P.C.

ence herein.

**49.**    Plaintiff has a statutory right to the records he seeks, and there is no legal basis for Defendant DoD to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure. *See* 5 U.S.C. § 552(b)(l)-(9).

**50.**    Defendant DoD violated Plaintiff's rights in this regard by unlawfully withholding information responsive to Plaintiff's FOIA request based on the improper and overly broad application of FOIA's exemptions to mandatory information disclosure.

**51.**    Based on the nature of Plaintiff's continuing efforts to disclose to the public the Air Force's abuse of disciplinary processes, he will likely continue to employ FOIA's provisions in information requests to Defendant DoD in the foreseeable future.

**52.**    Plaintiff's continuing efforts to disclose to the public the Air Force's abuse of disciplinary processes will be adversely affected if Defendant DoD is allowed to continue violating FOIA's disclosure provisions as it has in this case.

**53.**    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DoD will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**54.**    Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT III**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**DECISION DEADLINE VIOLATION**

**55.**    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**56.**    Plaintiff has a statutory right to have Defendant DoD process his FOIA request and appeal in a manner which complies with FOIA. Plaintiff's rights in this regard were violated when the Defendant DoD unlawfully delayed its response to his information request and appeal be-

COMPLAINT                                        12

yond the determination deadlines imposed by the FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i), (ii).

**57.**   Defendant DoD is unlawfully withholding public disclosure of information sought by Plaintiff, information to which he is entitled and for which no valid disclosure exemption apply to prevent its disclosure.

**58.**   Based on the nature of Plaintiff's continuing efforts to disclose to the public the Air Force's abuse of disciplinary processes, he will likely continue to employ FOIA's provisions in information requests to Defendant DoD in the foreseeable future.

**59.**   Plaintiff's continuing efforts to disclose to the public the Air Force's abuse of discipli-nary processes will be adversely affected if Defendant DoD is allowed to continue violating FOIA's decision deadlines as it has in this case.

**60.**   Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DoD will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**61.**    Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT IV
## VIOLATION OF THE FREEDOM OF INFORMATION ACT:
## FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B)

**62.**   The allegations made in all preceding paragraphs are realleged and incorporated by refer-ence herein.

**63.**   Pursuant to 5 U.S.C. § 552(a)(7)(B), an agency is required to notify a FOIA requester of "(i) the date on which the agency originally received the request; and (ii) an estimated date on which the agency will complete action on the request."

**64.**   Defendant failed to provide Plaintiff with the dates of receipt of his FOIA request and FOIA appeal.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**65.**     Defendant failed to provide Plaintiff with the estimated dates of completion of his FOIA

request and FOIA appeal.

**66.**     Defendant's failure and refusal to provide Plaintiff with the dates of receipt of his FOIA

request and FOIA appeal or the estimated dates of completion to requesters is in violation of

FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers

provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or

otherwise contrary to law.

**67.**     Based on the nature of Plaintiff's continuing efforts to disclose to the public the Air

Force's abuse of disciplinary processes, he will likely continue to employ FOIA's provisions in

information requests to Defendant DoD in the foreseeable future.

**68.**     Plaintiff's continuing efforts to disclose to the public the Air Force's abuse of discipli-

nary processes will be adversely affected if Defendant DoD is allowed to continue violating

FOIA's requirement to provide estimated completion dates as it has in this case.

**69.**     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court,

Defendant DoD will continue to violate the rights of Plaintiff to receive public records under the

FOIA.

**70.**      Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to

FOIA. 5 U.S.C. § 552(a)(4)(E).

### COUNT V
### (In the alternative to Counts I through IV)
### VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

**71.**     The allegations made in all preceding paragraphs are realleged and incorporated by refer-

ence herein.

**72.**     Defendant DoD has failed to act in an official capacity under color of legal authority by

failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

to Plaintiff documents responsive to his information request and appeal that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of Plaintiff's FOIA request and appeal; (3) provide Plaintiff with the specific date it received his request and appeal, and; (4) provide Plaintiff with the estimated completion dates of his request and appeal.

**73.**   Defendant DoD has unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide to Plaintiff documents responsive to his information request and appeal that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of Plaintiff's FOIA request and appeal; (3) provide Plaintiff with the specific date it received his request and appeal, and; (4) provide Plaintiff with the estimated completion dates of his request and appeal.

**74.**   Plaintiff has been adversely affected and aggrieved by the Defendant DoD's failure to comply with the mandates of FOIA. Defendant's failure and refusal to: (1) provide to Plaintiff documents responsive to his information request and appeal that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of Plaintiff's FOIA request and appeal; (3) provide Plaintiff with the specific date it received his request and appeal, and; (4) provide Plaintiff with the estimated completion dates of his request and appeal, has injured Plaintiff's interests in public oversight of governmental operations and constitute a violation of Defendant DoD's statutory duties under the APA.

**75.**   Plaintiff has suffered a legal wrong as a result of the Defendant DoD' failure to comply with the mandates of FOIA. Defendant DoD's failure and refusal to: (1) provide to Plaintiff documents responsive to his information request and appeal that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of Plaintiff's FOIA request and appeal; (3) provide Plaintiff with the specific date it received his request and appeal,

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

and; (4) provide Plaintiff with the estimated completion dates of his request and appeal, has injured Plaintiff's interests in public oversight of governmental operations and constitute a violation of Defendant DoD's statutory duties under the APA.

**76.**    Defendant DoD's failure and refusal to: (1) provide to Plaintiff documents responsive to his information request and appeal that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of Plaintiff's FOIA request and appeal; (3) provide Plaintiff with the specific date it received his request and appeal, and; (4) provide Plaintiff with the estimated completion dates of his request and appeal, constitutes agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

**77.**    Alternatively, Defendant DoD's failure and refusal to: (1) provide to Plaintiff documents responsive to his information request and appeal that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of Plaintiff's FOIA request and appeal; (3) provide Plaintiff with the specific date it received his request and appeal, and; (4) provide Plaintiff with the estimated completion dates of his request and appeal, is in violation of FOIA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

**78.**    Plaintiff is entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

**79.**    Plaintiff is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C.S. § 2412.

/ / /

/ / /

/ / /

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

**1.** Order Defendant in the form of injunctive relief to promptly provide Plaintiff all of the information sought in this action;

**2.** Declare Defendant's failure to disclose the information requested by Plaintiff to be unlawful under the FOIA, 5 U.S.C. § 552(a)(3), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**3.** Declare Defendant's failure to make a timely determination on Plaintiff's FOIA request and appeal to be unlawful under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**4.** Declare Defendant's failure to undertake a search reasonably calculated to locate records responsive to Plaintiff's FOIA request numbered 2014-3702 to be unlawful under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**5.** Declare Defendant's failure to provide Plaintiff with the estimated completion dates of his request and appeal, to be unlawful under the FOIA, 5 U.S.C. § 552(a)(7)(B)(i), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**6.** Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law;

**7.** Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

COMPLAINT

17

**8.**      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted for the Court's consideration, this 22nd day of March, 2016.

__s/ David Bahr_____
David Bahr (DC Bar No. OR0001)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

*Plaintiff's Counsel*